IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHELLE WALKER,
Plaintiff,

Case No. 3:26-cv-00151-DPM

v.

RETURN TO THE LAND; RETURN TO THE LAND, OZARKS CHAPTER; WISDOM WOODS LLC; ERIC ORWOLL; PETER JULIUS CSERE; GAVIN BAKER; PETER NEUGEBAUER; and SCOTT THOMAS HALLOWOOD,
Defendants.

**DEFENDANT RETURN TO THE LAND'S (SUED HEREIN IN PART AS RETURN TO THE LAND, OZARKS CHAPTER) ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Return to the Land ("RTTL"), by and through undersigned counsel, answers the Complaint of Plaintiff Michelle Walker ("Plaintiff") as follows. This Answer is submitted on behalf of RTTL only and does not respond on behalf of any other named defendant, except that, as set forth in RTTL's response to Paragraph 22 below, "Return to the Land, Ozarks Chapter" is not a legal or organizational entity distinct from RTTL, and this Answer is submitted on behalf of, and fully resolves, any claim purportedly asserted against that name. Unless expressly admitted, all allegations are denied. Except where a paragraph is expressly directed to another defendant by its own terms, RTTL responds to each paragraph of the Complaint as it pertains to RTTL.

**INTRODUCTION**

**1.** Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, RTTL denies that Plaintiff is entitled to relief and denies that RTTL discriminated against Plaintiff by refusing to sell her land on the basis of race or religion.

**2.** Denied.

**3.** Denied.

**4.** Denied.

**5.** Denied.

**6.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**7.** Denied.

**8.** Admitted that an application for membership in RTTL, submitted through RTTL's website, exists bearing a name matching Plaintiff's. RTTL lacks knowledge or information sufficient to form a belief as to whether Plaintiff personally completed the application, and therefore denies same. RTTL further lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's ancestry, and therefore denies same.

**9.** Admitted that Plaintiff's application contains the quoted statement, to the extent accurately quoted.

**10.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**11.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**12.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**13.** Admitted that Plaintiff's application to join RTTL was not accepted and that the application portal reflected that Plaintiff was not an ideal fit for RTTL.

**14.** Denied.

**15.** Denied.

## JURISDICTION AND VENUE

**16.** Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, RTTL denies that Plaintiff has stated claims within the reach of the statutes cited in the Complaint.

**17.** This paragraph states a legal conclusion to which no response is required.

**18.** This paragraph states a legal conclusion to which no response is required.

**19.** This paragraph states a legal conclusion to which no response is required.

## PARTIES

**20.** RTTL lacks knowledge or information sufficient to form a belief as to Plaintiff's state of residence, and therefore denies same. Denied that Plaintiff sought to purchase land that RTTL owned, advertised, or offered for sale. RTTL lacks knowledge or information sufficient to form a belief as to whether Plaintiff is of English and Jewish descent, and therefore denies same. RTTL lacks knowledge or information sufficient to form a belief as to whether Plaintiff is married to a Black man and has three biracial children, and therefore denies same.

**21.** Admitted that RTTL is an unincorporated association. Admitted that at least some members of RTTL are domiciled in Arkansas. Admitted that RTTL was formed and is managed by Eric Orwoll. The remaining allegations of Paragraph 21 are denied.

**22.** Denied. Further answering, "Return to the Land, Ozarks Chapter" is not, and has never been, a legal or organizational entity distinct from RTTL. When RTTL's founders formed RTTL as a private membership association in October 2023, they originally named it "Return to the Land, Ozarks Chapter" because they intended to form additional, regionally distinct chapters as separate entities alongside a national lodge. The founders subsequently

abandoned that plan and instead operate RTTL as a single, national fraternal society, and changed the organization's name to "Return to the Land" to reflect that fact. No entity named "Return to the Land, Ozarks Chapter" exists today, separately from RTTL, against which any claim could be asserted. To the extent Paragraph 22 alleges that a distinct "Ozarks Chapter" entity was formed and managed by Defendants Orwoll, Csere, Baker, Neugebauer, and Hallowood, or that its members are domiciled in Arkansas, RTTL denies those allegations as directed at a non-existent entity, without conceding that any of the underlying facts about RTTL itself are true.

**23.** Admitted that Wisdom Woods LLC is an LLC headquartered in Arkansas. The remaining allegations of Paragraph 23 are denied as phrased.

**24.** Admitted that Eric Orwoll is the President and co-founder of RTTL. Denied that Orwoll is Vice President of Return to the Land, Ozarks Chapter. Admitted that Orwoll is a member of Wisdom Woods LLC. Admitted that Orwoll is domiciled in Ravenden, Arkansas.

**25.** Admitted that Peter Julius Csere is a co-founder of RTTL. Denied that Csere is a manager of RTTL or of Return to the Land, Ozarks Chapter. Admitted that Csere is a member and manager of Wisdom Woods LLC. Admitted that Csere is domiciled in Ravenden, Arkansas.

**26.** Admitted that Gavin Baker is a co-founder of Return to the Land, by its original title, Return to the Land, Ozarks Chapter. Denied that Baker is a manager of Return to the Land or Return to the Land, Ozarks Chapter. Denied that Baker is a member or manager of Wisdom Woods LLC. Denied that Baker is domiciled in Ravenden, Arkansas.

**27.** Admitted that Peter Neugebauer is a co-founder of Return to the Land, by its original title, Return to the Land, Ozarks Chapter. Denied that Neugebauer is a manager of Return to the

Land or Return to the Land, Ozarks Chapter. Denied that Neugebauer is domiciled in Ravenden, Arkansas.

**28.** Admitted that Scott Thomas Hallowood is co-founder of Return to the Land. Denied that Hallowood is Vice President of Return to the Land. Denied that Hallowood is President of Return to the Land, Ozarks Chapter. Admitted that Hallowood is a member of Wisdom Woods LLC, and is domiciled in Ravenden, Arkansas.

## FACTUAL BACKGROUND

**29.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**30.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**31.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**32.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**33.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**34.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**35.** Denied.

**36.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**37.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**38.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**39.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**40.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**41.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**42.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**43.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**44.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**45.** Admitted that Eric Orwoll is the President of RTTL. Admitted that Orwoll has posted YouTube and Twitter (currently known as X) starting in or around 2012. The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**46.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**47.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**48.** Admitted that Orwoll met a group of supporters in his home in or around July 2023. The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**49.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**50.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**51.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**52.** Denied.

**53.** Denied.

**54.** Denied.

**55.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**56.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**57.** This paragraph states a legal conclusion to which no response is required.

**58.** Denied.

**59.** Denied.

**60.** Denied.

**61.** Denied.

**62.** Denied that RTTL markets any communities as places where white people can become “landowners” at an affordable price. The contents of RTTL's website speak for themselves, and RTTL denies any characterization inconsistent therewith.

**63.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**64.** Admitted that Wisdom Woods LLC purchased land in October 2023. Admitted that Ravenden, Arkansas is a small, rural town located in the Ozark Mountains of Northeast Arkansas. The remaining allegations of Paragraph 64 are denied.

**65.** Admitted that Orwoll is originally from California and Csere is originally from Connecticut. The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**66.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**67.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**68.** Denied.

**69.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**70.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**71.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**72.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**73.** Denied that RTTL has developed an extensive screening process to make sure that only white, non-Jewish people can join RTTL. Admitted that it requires applicants to fill out an application form. Admitted that it asks questions about ethnicity and religion, but denied that the questions about their ethnicity and religion are "detailed questions." Admitted that it interviews applicants by video or has them submit pictures or a video. Denied that it interviews applicants by video or has them submit pictures or a video to confirm that they appear white.

**74.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**75.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**76.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**77.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**78.** Admitted.

**79.** Denied.

**80.** Denied that RTTL will expel members from its community and force them to sell their land if it later discovers they have non-white ancestry; this is an impossibility since RTTL does not own or control a community or have authority to force anyone to sell land. The documents referenced in this paragraph speak for themselves.

**81.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**82.** Denied.

**83.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**84.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**85.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**86.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**87.** Denied.

**88.** Denied.

**89.** Denied.

**90.** Denied.

**91.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**92.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**93.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**94.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**95.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**96.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**97.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**98.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**99.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**100.** The material referenced in this paragraph speaks for itself, and RTTL neither admits nor denies the characterizations set forth in this paragraph. RTTL denies any allegation inconsistent with the actual content of the referenced material.

**101.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**102.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**103.** RTTL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

**104.** RTTL denies that any RTTL interviewer confirmed that there was a $25 fee to become a member of any LLC. RTTL's $25 membership fee confers membership in a private membership association, not an LLC. RTTL lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 104, and therefore denies same.

**105.** Admitted that Plaintiff's application to join RTTL was not accepted. RTTL lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 105, and therefore denies same.

## INJURY TO PLAINTIFF

**106.** Denied.

**107.** Denied.

## CAUSES OF ACTION

**Count I – Violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq.**

**108.** This paragraph realleges the foregoing paragraphs of the Complaint. No separate response is required; to the extent one is deemed required, RTTL incorporates by reference its responses to the paragraphs realleged.

**109.** Denied.

**110.** Denied.

**Count II – Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981**

**111.** This paragraph realleges the foregoing paragraphs of the Complaint. No separate response is required; to the extent one is deemed required, RTTL incorporates by reference its responses to the paragraphs realleged.

**112.** Denied.

**113.** Denied.

**Count III – Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982**

**114.** This paragraph realleges the foregoing paragraphs of the Complaint. No separate response is required; to the extent one is deemed required, RTTL incorporates by reference its responses to the paragraphs realleged.

**115.** Denied.

**116.** Denied.

**Count IV – Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1985**

As pleaded, this Count is asserted only "against Defendants Orwoll, Csere, Baker, Neugebauer, and Hallowood" and is not asserted against RTTL. RTTL responds below solely to preserve its position and out of an abundance of caution, and without conceding that this Count is properly asserted against RTTL.

**117.** This paragraph realleges the foregoing paragraphs of the Complaint. No separate response is required; to the extent one is deemed required, RTTL incorporates by reference its responses to the paragraphs realleged.

**118.** Denied.

**119.** Denied.

**120.** Denied.

**121.** Denied.

**Count V – Violation of the Arkansas Fair Housing Act, Ark. Code Ann. § 16-123-201 et seq.**

**122.** This paragraph realleges the foregoing paragraphs of the Complaint. No separate response is required; to the extent one is deemed required, RTTL incorporates by reference its responses to the paragraphs realleged.

**123.** Denied.

**124.** Denied.

**Count VI – Violation of the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 et seq.**

**125.** This paragraph realleges the foregoing paragraphs of the Complaint. No separate response is required; to the extent one is deemed required, RTTL incorporates by reference its responses to the paragraphs realleged.

**126.** Denied.

**127.** Denied.

**PRAYER FOR RELIEF AS TO PLAINTIFF'S COMPLAINT**

RTTL denies that Plaintiff is entitled to any relief requested in the Complaint.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that would otherwise rest on Plaintiff, RTTL asserts the following affirmative defenses:

**First Affirmative Defense – Failure to State a Claim**

The Complaint fails to state a claim upon which relief can be granted against RTTL.

**Second Affirmative Defense – No Regulated Housing or Real-Estate Transaction**

RTTL did not engage in any sale, rental, lease, conveyance, or other regulated housing or real-estate transaction with Plaintiff. RTTL does not own any land and has never owned any land. Plaintiff applied for membership in a private membership association, not for the purchase or rental of a dwelling. Plaintiff's claims fail to the extent they depend on treating a membership determination as the legal equivalent of a property transaction.

**Third Affirmative Defense – No Contract or Actionable Property Transaction**

Plaintiff did not seek to enter into an actionable contract with RTTL for the purchase, lease, conveyance, or holding of real property. The denial of a private membership application does not, without more, establish a claim under 42 U.S.C. §§ 1981 or 1982 or analogous Arkansas provisions.

**Fourth Affirmative Defense –**

**Separate Legal Entity / No Transaction with Wisdom Woods LLC**

Wisdom Woods LLC is a separate legal entity from RTTL. Plaintiff did not submit an application to, negotiate with, or attempt to enter into any property transaction with Wisdom

Woods LLC, and RTTL does not own, control, or administer Wisdom Woods LLC's property transactions.

**Fifth Affirmative Defense – Freedom of Association / Expressive Association**

To the extent Plaintiff seeks to treat an internal membership determination by RTTL as though it were a compelled-access public transaction, Plaintiff's claims are barred in whole or in part by the constitutional protections for private and expressive association. An internal membership decision cannot be converted into mandatory association absent a legally actionable housing or property transaction.

**Sixth Affirmative Defense – Private-Association Status**

Without conceding the applicability of any specific statute pleaded by Plaintiff, RTTL is a private membership association that maintains exclusive membership criteria, screens applicants, is member-governed, and does not hold itself out as a public seller or landlord of dwellings.

**Seventh Affirmative Defense –**

**No Protected-Status Causation as to an Actionable Transaction**

Plaintiff has not pleaded or proven a completed or attempted housing, property, or contract transaction with RTTL in which protected-status causation can be tested against an actionable denial. Alleged labels, commentary, or public statements do not substitute for transactional causation, especially where the pleaded conduct is a membership determination rather than a sale or rental decision.

**Eighth Affirmative Defense – Count IV Not Properly Asserted Against RTTL**

Count IV (42 U.S.C. § 1985) is pleaded by its own terms against individual defendants Orwoll, Csere, Baker, Neugebauer, and Hallowood, and not against RTTL. To the extent Count

IV is construed to assert a claim against RTTL, RTTL denies that any such claim is properly pleaded or supported.

**Ninth Affirmative Defense –**

**Speech, Belief, and Public Characterization Cannot Supply Missing Elements**

The Complaint relies heavily on ideological labels, public statements, alleged beliefs, and media characterizations. Such allegations cannot substitute for the statutory elements of a regulated transaction, actionable denial, protected-status causation, or RTTL-specific conduct.

**Tenth Affirmative Defense – Constitutional Avoidance / As-Applied Limits**

If the statutes pleaded by Plaintiff were construed to treat a rejected private membership application as the legal equivalent of a denied housing or property transaction, such application would raise serious constitutional concerns. RTTL therefore invokes constitutional avoidance and preserves all as-applied constitutional defenses.

**Eleventh Affirmative Defense – Overbreadth and Chilling Effect**

Plaintiff's theory, if accepted, would chill private membership associations, intentional communities, land-stewardship associations, religious or cultural settlements, family land structures, kibbutzim, and other private affinity-based associations by converting membership-screening decisions into public housing liability whenever land exists somewhere in the surrounding structure.

**Twelfth Affirmative Defense —**

**"Return to the Land, Ozarks Chapter" Is Not a Distinct Entity**

"Return to the Land, Ozarks Chapter" is not, and has never been, a legal or organizational entity separate from RTTL. RTTL was originally named "Return to the Land, Ozarks Chapter" when it was formed in October 2023, before its founders abandoned their original plan to create

separate, regionally distinct chapter entities and instead adopted RTTL's current name to reflect that RTTL operates as a single, national fraternal society. This Answer is submitted on behalf of, and resolves, any claim purportedly asserted against that name, and RTTL denies that any entity distinct from RTTL exists to answer separately.

**Thirteenth Affirmative Defense – Reservation of Additional Defenses**

RTTL reserves the right to assert additional defenses as they become known through investigation, discovery, amendment, motion practice, or further review by counsel.

**JURY DEMAND**

RTTL demands trial by jury on all issues so triable.

Dated: August 3, 2026

Respectfully submitted,

/s/ Jonathan Gross
Jonathan Gross
LAW OFFICE OF JONATHAN GROSS
2833 Smith Ave., Suite 331
Baltimore, MD 21209
(443) 813-0141
Jonathansgross@gmail.com

*Counsel for Defendant Return to the Land*