**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| MICHELLE WALKER<br>Plaintiff,<br>v.<br>RETURN TO THE LAND; RETURN TO THE LAND, OZARKS CHAPTER; WISDOM WOODS LLC; ERIC ORWOLL; PETER JULIUS CSERE; GAVIN BAKER; PETER NEUGEBAUER; and SCOTT THOMAS HALLOWOOD,<br>Defendants. | Case No. 3:26-cv-151-DPM |

**PLAINTIFF MICHELLE WALKER'S SUR-REPLY**
**IN OPPOSITION TO MOTION TO DISMISS COMPLAINT**

Defendants raise three new arguments in their Reply in Support of their Motion to Dismiss ("Reply"): (1) that Ms. Walker should have emailed Return to the Land ("RTTL") to challenge its decision rejecting her application, Reply at 3–4; (2) that Ms. Walker cannot pursue her agency or ratification theories because those terms are not expressly used in the Complaint, *id.* at 8–9; and (3) that Ms. Walker failed to properly authenticate some of the exhibits that she submitted, *id* at 5–6. The Court should reject each of these arguments.

## I. Ms. Walker was not obligated to email RTTL to contest her rejection.

When Ms. Walker was rejected by RTTL, the application portal on the RTTL website displayed the following message:

> Your application to join RTTL was not successful. We have very strict membership criteria and may have determined that you are not an ideal fit for the association. We apologize for any inconvenience and wish you the best in your future endeavors. If you believe this decision was made in error, you may contact apply@email.returntotheland.org.

Walker Decl. Ex. 1, ECF No. 23-2, at 13. Defendants argue that this message constituted "an open invitation to engage in further conversation" and that Ms. Walker should have emailed RTTL to contest her rejection. Reply at 3–4.

Ms. Walker was not obligated to email apply@email.returntotheland.org to establish she had Article III standing to sue. None of Ms. Walker's civil rights claims require exhaustion of internal or administrative remedies. *See* 42 U.S.C. § 3613(a)(2) ("An aggrieved person may commence a civil action under [the Fair Housing Act] whether or not a complaint has been filed [with the Department of Housing and Urban Development][.]"); *Henderson v. Bryant*, No. 4:24-cv-01048, 2024 WL 4817290, at *2 n.2 (E.D. Mo. Nov. 18, 2024) ("The FHA does not require exhaustion of administrative remedies."); *Varner v. Nat'l Super Markets, Inc.*, 94 F.3d 1209, 1213, 1213 n.5 (8th Cir. 1996) (Section 1981 and Title VII do not require plaintiff to "exhaust [defendant's] grievance and arbitration remedies"); *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1276 (D.C. Cir. 1991) ("A private party alleging federal civil rights violations need not pursue internal administrative remedies before pressing a claim in federal court."). Nor does Article III independently require Ms. Walker to submit an email appeal or otherwise prevail upon Defendants to "reverse[] course." Reply at 3. Ms. Walker's claim was ripe when her application was rejected; she need not exhaust the theoretically possible ways to dispute her rejection.

Moreover, emailing apply@email.returntotheland.org would have been futile. The rejection notice stated that Ms. Walker could email RTTL if she believed the Association erred in deciding she did not meet RTTL's "strict membership criteria." Ms. Walker had no reason to believe that RTTL excluded her because of an error or oversight. By the time she saw the rejection notice, she was aware that RTTL did not admit individuals with Jewish ancestry or non-

white family members. *See* Walker Decl., ECF No. 23-1, ¶ 24. She learned of this policy from a reliable source: Defendants' own public statements. *Id.*; *see also* Pl.'s Resp. Mot. Dismiss ("Pl.'s Resp."), ECF No. 23, at 4–10 (describing public statements). Ms. Walker was not required to contact RTTL or the Individual Defendants to confirm that their public statements were accurate.[1] No email or message would have persuaded Defendants to abandon their discriminatory scheme. Defendants make little effort to argue further outreach from Ms. Walker would have made a difference. Indeed, even Defendants' affidavits do not assert that Ms. Walker had a genuine chance of joining the RTTL Association and buying land in the RTTL Community.

## II. Ms. Walker has adequately pleaded her vicarious liability and ratification theories.

Ms. Walker has adequately pleaded facts establishing that Wisdom Woods is both vicariously liable and also directly liable (through ratification) for the alleged civil rights violations.[2] It is vicariously liable because it used the RTTL Association as its agent—whether actual or apparent—in screening applicants and excluding non-white and Jewish individuals from purchasing land. Pl.'s Resp. at 17–20. It is directly liable because it ratified the RTTL Association's discriminatory acts. *Id.* at 21–22. The Complaint need not use the terms "vicarious liability" or "ratification" to plead those theories. *See Rebstock v. Evans Prod. Eng'g Co.,* No. 4:08-cv-01348, 2009 WL 3401262, at *11 (E.D. Mo. Oct. 20, 2009).

---

[1] Defendants cannot avoid liability by including a "legal disclaimer" on their website proclaiming (falsely) that RTTL "does not engage in the sale or rental of real estate." Reply at 6; *see* Compl. ¶¶ 59–62 (explaining why disclaimer is false). The same webpage states that the RTTL Association exists to "facilitate individuals and groups that share common ancestry to purchase land in rural areas." Reply Exihibit 1, ECF No. 26-2, at 1. In fact, it is clear that Ms. Walker was required to join the RTTL Association to have any chance of purchasing a lot. *See* Compl. ¶¶ 82–86, 104.

[2] In addition, as set forth in Plaintiff's Response, the Individual Defendants are directly liable for their personal role in rejecting Ms. Walker's application to the RTTL Association, Pl.'s Resp. at 17, and the Individual Defendants and Wisdom Woods are directly liable for publicizing discriminatory housing policies, *id.* at 21–22.

The Complaint alleges that the entity publicly known as Return to the Land ("RTTL") has "two parts": a private membership association ("the RTTL Association") and a limited liability corporation ("Wisdom Woods"). Compl. ¶¶ 52, 63. Defendants have "tasked" the RTTL Association with "vetting the people who want to join RTTL and ensuring they are of 'European heritage.'" *Id.* ¶ 53. Only those who pass through the Association's "extensive screening process" are eligible to buy land from Wisdom Woods. *Id.* ¶ 73, *see also id.* ¶¶ 54, 71, 82–86.

In doing this screening, the RTTL Association acts as an agent of Wisdom Woods and its managing members. The Association is Wisdom Woods's actual agent, because the managing members of Wisdom Woods control the Association and use it to screen candidates for the Arkansas property. *Id.* ¶¶ 21–22, 24–25, 28 (alleging Wisdom Woods's members "manage" the RTTL Association and serve as its President and Vice President); *id.* ¶¶ 4, 53, 71 (describing the Association's role in white neighborhood scheme). Further, as detailed in the Complaint, the Association is Wisdom Woods's apparent agent, because Wisdom Woods instructs prospective buyers to join the RTTL Association and markets its property under the RTTL name—which is precisely why Ms. Walker applied.[3] *Id.* ¶¶ 71, 82–84, 95, 104.

Even absent an agency relationship, Wisdom Woods is liable because it ratified the RTTL Association's discriminatory acts as alleged in the Complaint. Wisdom Woods requires prospective buyers to go through the RTTL Association screening process—it has even enshrined this rule in its governing documents. *See id.* ¶¶ 71, 82–86; Restatement (Third) of Agency § 4.01(2)(a) (explaining that party ratifies an act by "manifesting assent that the act affect the party's legal relations"). The managing members of Wisdom Woods serve on the RTTL

[3] Ms. Walker did not know the company that owned the land she wanted to purchase was incorporated as "Wisdom Woods LLC." But that fact does not defeat her apparent agency theory. Based on the public statements of Wisdom Woods's managing members, Ms. Walker reasonably concluded that the owners of the RTTL Community were using the RTTL Association as an agent for screening of prospective buyers.

Association Board and are aware that Ms. Walker, and many others, have been excluded because of race or religion. *Id.* ¶¶ 24–25, 28, 71–72. Wisdom Woods nevertheless continues to use the Association to vet prospective buyers, *id.* ¶¶ 82–86, thereby ratifying the Association's decisions.

### III. The Court can consider the exhibits to the Pierson declaration.

In support of her Opposition to the Motion to Dismiss, Ms. Walker submitted archived versions of the RTTL website from the Internet Archive (Pierson Decl. Exhibits A, D, E, and G) and screenshots of social media posts (Pierson Decl. Exhibits B, C, and F). All of these exhibits are properly before the Court.

As an initial matter, the Court can take judicial notice of the Internet Archive documents in Exhibits A, D, E, and G. *See E. Coast Test Prep LLC v. Allnurses.com, Inc.*, 307 F. Supp. 3d 952, 967 (D. Minn. 2018), *aff'd*, 971 F.3d 747 (8th Cir. 2020); *Safeway Transit LLC v. Disc. Party Bus, Inc.*, 334 F. Supp. 3d 995, 1000 n.4 (D. Minn. 2018), *aff'd*, 954 F.3d 1171 (8th Cir. 2020). Indeed, Defendants cite an Internet Archive document from the same RTTL website in their brief. *See* Reply at 6. Ms. Walker has provided Internet Archive links for each of the exhibits. *See* Pierson Decl. ¶¶ 3, 6, 7, 9; Footnotes to Exhibit A, ECF No. 23-5. Further, Ms. Walker has produced ample proof that the rule evidenced by the exhibits—that RTTL Community land is available only to RTTL Association members—was in effect when she applied to purchase land.[4]

---

[4] Pl.'s Resp. at 6 n.24, 7–8 nn. 29–32 (citing contemporaneous evidence); *see, e.g.*, American Renaissance (@realAmRen), *Eric Orwoll: 'Reclaiming America One Neighborhood at a Time'*, at 16:03–:16, X (Apr. 17, 2026), https://x.com/realAmRen/status/2045191383107944819 (Eric Orwoll: "To join our LLC that owns the land, you have to be part of our private association, Return to the Land. The PMA does the selective screening and admissions."); Nick Johnson (@NickJohnson), *No Blacks, No Gays: A 'White Only' Community Has Been Built in Arkansas*, at 5:46–:59, YouTube (Oct. 1, 2025), https://www.youtube.com/watch?v=tEOUWSgZPbk (Eric Orwoll: "We founded a company that actually owns the land and people can buy shares in that company if they're part of our association, Return to the Land.").

The Court can also consider the social media screenshots in Exhibits B, C, and F. For purposes of this motion, Defendants concede Ms. Walker has accurately described "what RTTL's founders believe and have said publicly." Reply at 3. Given that Defendants admit they made the public statements described in Ms. Walker's response, there is no need to authenticate the exhibits Ms. Walker uses to prove certain of those statements.[5]

* * * * *

For all these reasons, the Court should deny Defendants Motion to Dismiss and reject the newly raised arguments in their Reply Brief.

Dated: September 18, 2026

Respectfully Submitted,

/s/ Miriam Pierson
John Relman*
Reed Colfax*
Edward Olds*
Miriam Pierson*
RELMAN COLFAX PLLC
1225 19th Street, NW, Suite 600
Washington, DC 20036
(202) 728-1888 (phone)
jrelman@relmanlaw.com
rcolfax@relmanlaw.com
tolds@relmanlaw.com
mpierson@relmanlaw.com
* *Admitted pro hac vice*
***Attorneys for Plaintiff***

Kendall Lewellen (Ark. Bar No. 2016193)
Abigail Herzfeld (Ark. Bar No. 2024219)
Legal Aid of Arkansas
Fair Housing Project
320 Executive Court, Suite 201
Little Rock, AR 72205
(870) 972-9224
klewellen@arlegalaid.org
aherzfeld@arlegalaid.org

[5] Defendants have publicly acknowledged their ownership of the accounts. *See, e.g.*, Mainstream Dissident (@maindissident), *Eric Orwoll (Aarvoll) Interview: Inside Return to the Land, Navigating the Legal Landscape*, at 1:56:32–:50, YouTube (May 19, 2026), https://www.youtube.com/watch?v=kB9x-tIPjFg (Eric Orwoll: "If you want to follow me on social media, my account on X is @Aarvoll_. We do have the official RTTL account, RTTL_Official on X."); Full Haus, *Podcast Episode 168: Essential Community*, at 1:09:36–:43 (Sept. 21, 2023), https://www.full-haus.com/index.php/2023/09/21/latest-show-essential-community (Peter Csere: "I have a Telegram channel. I guess it's Peter Csere Official. Peter C-S-E-R-E.").

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 18th day of September 2026, a copy of the foregoing Plaintiff's Sur-Reply in Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction was served by electronic mail on the following counsel of record:

Jonathan Gross
Law Office of Jonathan Gross
2833 Smith Ave., Suite 331
Baltimore, MD 21209
jon@jonathangross.law

/s /Miriam Pierson
*Attorney for Plaintiff*