**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| MICHELLE WALKER,<br><br>Plaintiff,<br><br>v.<br><br>RETURN TO THE LAND, et al.,<br><br>Defendants. | Case No. 3:26-cv-00151-DPM |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF AN INITIAL SCHEDULING ORDER**

## INTRODUCTION

Defendants Return to the Land; Return to the Land, Ozarks Chapter; Wisdom Woods LLC; Eric Orwoll; Peter Csere; and Scott Thomas Hallowood oppose Plaintiff's Motion for Entry of an Initial Scheduling Order (ECF 33). Defendants do not ask the Court to put this case on hold indefinitely. They ask the Court to defer the scheduling order and stay all discovery until it rules on the pending Rule 12(b)(1) motion, which is fully briefed. ECF 20, 23, 26; ECF 31. The Court should direct the parties to confer and submit their Rule 26(f) report within 60 days of the order deciding the pending motion.

Good cause supports that modest deferral. Fed. R. Civ. P. 16(b)(2). The pending motion challenges the Court's jurisdiction over four of the six remaining defendants, and its outcome will determine which parties remain in the case, whether an entire count survives, and what discovery is appropriate. A schedule set now would likely have to be rebuilt once the Court rules.

Rule 16(b)(2) permits exactly this relief. It requires the order "within" the stated window "unless the judge finds good cause for delay." Fed. R. Civ. P. 16(b)(2). A fully briefed, threshold motion that will define the parties, the claims, and the scope of discovery supplies that good cause.

## ARGUMENT

### I. The pending motion will define the parties, the claims, and the scope of discovery.

Wisdom Woods, Orwoll, Csere, and Hallowood have moved to dismiss for lack of subject-matter jurisdiction because Plaintiff never had any contact with them. (ECF 17, 20, 26.) Standing is a threshold question that the Court must resolve before the case proceeds on the merits against those parties. Until it does, it is uncertain whether the Court has jurisdiction to order discovery from them as parties at all.

The ruling will also determine the shape of the case:

- Four of the six remaining defendants could be dismissed.
- Count IV, the § 1985 conspiracy claim, is pleaded only against the individual defendants. (Compl. ¶¶ 117–121.) If they are dismissed, that count is gone entirely.
- Plaintiff's agency and ratification theories, which she raised for the first time in her Opposition, depend on whether Wisdom Woods remains a party.

Each of these outcomes changes what the Rule 26(f) report must address: the claims at issue, the parties to be deposed, the documents to be produced, the need for protective orders, and a realistic trial date. Setting those terms before the Court decides who is in the case would waste the parties' and the Court's resources. Starting now would also fix the Rule 26(f) plan, and trigger the parties' Rule 26(a)(1) initial disclosures, to a case that may soon have four fewer defendants and one fewer count. Discovery produced on that frame cannot be undone by a later ruling.

### II. The discovery against the moving defendants is not the same as the discovery against RTTL.

Plaintiff argues that because RTTL has answered, "the exact same discovery and pretrial activities will be needed regardless of the outcome." (ECF 33 ¶ 9.) That is not correct.

Return to the Land is an expressive association with more than 1,000 members. Wisdom Woods is a separate limited liability company with approximately just over 2 dozen members.

(Orwoll Decl. ¶¶ 2–3, 5, ECF No. 17-1.) Party discovery against Wisdom Woods could reach that company's operating records, land transactions, and the financial and property information of its members. Party discovery against Orwoll, Csere, and Hallowood could reach their personal communications. None of that is necessary to litigate Plaintiff's claims against RTTL, which concern RTTL's own membership decision.

Discovery in this case will also raise questions of associational privacy. Plaintiff's claims target an association's membership criteria and decisions, and discovery into membership lists and members' identities implicates First Amendment protections. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462–63 (1958). The parties will need to negotiate, and likely ask the Court to resolve, the limits of that discovery. Those issues are better addressed once, after the Court has determined which entities and individuals remain parties, rather than litigated now and again after the ruling.

**III. Plaintiff's remaining arguments do not justify proceeding now.**

First, Plaintiff contends that discovery would help resolve the jurisdictional questions. (ECF 33 ¶ 8.) But Plaintiff opposed the motion with her own declarations and exhibits and did not request jurisdictional discovery. She then sought leave to file a sur-reply with additional evidence, and the Court denied it. (ECF 31.) The motion is fully briefed and ready for decision. Plaintiff cannot use a scheduling order to reopen the record. The dispositive jurisdictional fact is also undisputed: Plaintiff concedes she never contacted Wisdom Woods or the individual defendants.

Second, Plaintiff relies on the rule that a pending motion to dismiss is not, by itself, good cause to stay discovery. (ECF 33 ¶ 8.) Defendants do not rely on the motion's mere pendency. They rely on what it puts at issue: the Court's jurisdiction over most of the defendants, the survival

of an entire count, and the scope of discovery into an expressive association. Nor do Defendants seek an open-ended stay. They ask only that the schedule follow the ruling.

Third, Plaintiff argues that the motion cannot resolve the entire case because RTTL has answered. (ECF 33 ¶ 9.) The balancing test Plaintiff cites weighs the harm of delay against the efficiency gained by awaiting the ruling. A ruling that could remove four of six defendants and one of six counts would substantially narrow the case, even if it would not end it.

Fourth, Plaintiff predicts that the motion will fail. (ECF 33 ¶ 10.) That is her position on the merits, which the parties have already briefed. At a minimum, the motion presents a substantial question: Plaintiff concedes she never contacted the moving defendants and relies on futility and agency theories that do not appear in her Complaint.

## IV. Deferral will not prejudice Plaintiff.

The requested deferral is short and tied to a ruling on a motion that is already fully briefed. Plaintiff waited more than three months after Defendants appeared to seek a scheduling order, and she identifies no harm that a brief deferral would cause. Her claims seek damages and injunctive relief for a membership application that was denied in early 2026; she does not allege any exigency. Defendants are preserving relevant documents and information, so no evidence will be lost in the interim.

## CONCLUSION

For the foregoing reasons Defendants respectfully request that the Court deny Plaintiff's Motion for Entry of an Initial Scheduling Order (ECF 33), defer the scheduling order, and stay all discovery until the Court rules on the pending motion to dismiss, and then direct the parties to confer and submit their Rule 26(f) report within 60 days of that ruling.

In the alternative, if the Court enters a scheduling order now, Defendants request that the Rule 26(f) conference and report be deferred, and that all discovery be stayed, until the Court rules on the motion to dismiss, so that the schedule can be built to the claims and parties that remain.

Dated: October 7, 2026

Respectfully submitted,

/s/ Jonathan Gross
Jonathan Gross
Law Office of Jonathan Gross
2833 Smith Ave., Suite 331
Baltimore, MD 21209
(443) 813-0141
jon@jonathangross.law

*Counsel for Defendants Return to the Land; Return to the Land, Ozarks Chapter; Wisdom Woods LLC; Eric Orwoll; Peter Csere; and Scott Thomas Hallowood*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, a copy of the foregoing was filed electronically via the Court's CM/ECF system, which will notify all counsel of record.

/s/ Jonathan Gross