**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 24 2026
TAMMY H. DOWNS, CLERK
By: [signature]
DEP CLERK

**MICHELLE WALKER,**
Plaintiff,

v.

**RETURN TO THE LAND, et al.,**
Defendants.

Case No. 3:26-cv-00151-DPM

---

## MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE AND ACCOMPANYING COMPARATIVE JURISPRUDENTIAL ANALYSIS

Brandon Michael Hayes, appearing individually, respectfully moves for leave to submit the accompanying Brief of Amicus Curiae and Appendix A, entitled *The Constitutional Limits of Process: Classification, Compulsion, and Reviewability Before a Determination of Liability.*

### 1. Interest of Movant

Movant serves as President of the Natural Law Institute and conducts research concerning constitutional governance, reciprocal legal obligations, institutional classification, delegated authority, and the judicial administration of compulsory process.

Following the commencement of this litigation, Movant developed and communicated analytical material to persons associated with Return to the Land concerning the constitutional distinction between private association and regulated property transactions, defendant-specific statutory predicates, constitutional avoidance, and the preservation of constitutional questions.

The present submission develops independent questions concerning the classification of regulated conduct, the constitutional protection of voluntary association, the attribution of statutory injury, and the lawful administration of compulsory judicial process.

### 2. Assistance to the Court

The parties' submissions present materially distinct questions concerning:

- Voluntary and compelled association;
- The statutory classification of housing and property relationships;
- The operative relationship between separately organized entities;
- Defendant-specific attribution and causation;
- Article III standing;
- The distinction between jurisdictional predicates and substantive liability;
- The permissible scope and sequence of compulsory discovery;
- Confidential associational information;
- And the constitutional limitations governing eventual relief.

The accompanying brief identifies applicable Supreme Court and Eighth Circuit authority and develops a decisional framework through which these independently significant questions may receive examination.

In particular, the submission distinguishes necessary conditions from sufficient conditions in evaluating the relationship between association membership and property acquisition.

It additionally proposes a framework for phased discovery and particularized constitutional protection where compulsory disclosure may produce consequences incapable of reversal through subsequent adjudication.

These considerations extend beyond the immediate positions advanced by the respective parties and may assist the Court in administering the proceeding.

The accompanying analysis additionally examines unresolved constitutional tensions within the jurisprudence governing civil-rights enforcement and voluntary association. It proposes a decisional sequence through which the respective liberties, statutory entitlements, corresponding obligations, and permissible exercises of compulsory authority may receive independent classification before the evaluation of competing interests. Express consideration of these questions, where material to disposition, would facilitate constitutional clarification and meaningful appellate examination.

**3. Accompanying Comparative Analysis**

Appendix A examines the common constitutional questions presented by this proceeding and *Orvoll et al. v. United States Department of Justice et al.*, No. 3:26-cv-00239-BSM.

The two proceedings employ different legal mechanisms but expose corresponding questions concerning the exercise of compulsory authority while material predicates for its exercise remain contested.

In the present proceeding, compulsory judicial discovery may produce consequences before disputed jurisdictional and statutory relationships have been resolved.

In the separate administrative controversy, governmental investigations may produce independently cognizable injuries before an administrative determination has been rendered.

The Appendix develops a common constitutional standard governing the authority, classification, attribution, scope, continuity, reviewability, and correction of compulsory acts.

It is tendered as supplemental jurisprudential analysis.

Its consideration requires neither consolidation of the proceedings nor acceptance of contested factual assertions appearing in the separate litigation.

The accompanying amicus brief remains independently sufficient.

**4. Scope, Capacity, and Procedural Basis of Participation**

Movant is a natural person appearing in his individual capacity, without counsel, seeking leave to participate as a nonparty amicus curiae.

Movant's institutional affiliation identifies the professional and jurisprudential basis of his interest. The submission is tendered in his own name and does not constitute legal representation of the Natural Law Institute, any party, or any other person.

The requested participation arises under the Court's inherent authority to receive assistance from amici curiae. See *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).

Movant seeks authorization to furnish independent legal analysis for the Court's consideration and to receive notice of the disposition of this Motion and such subsequent proceedings as the Court deems appropriate.

The submission concerns principles applicable irrespective of the ancestry, religion, political position, ideological commitments, or popularity of the parties.

Movant expresses no position concerning the ultimate resolution of disputed facts or the underlying liability of the parties.

**5. Notice to the Parties**

Movant has furnished counsel of record with advance copies of the proposed submission and accompanying materials. The parties' respective positions concerning the requested leave remain unascertained.

The Motion is submitted for determination by the Court, with the parties afforded an opportunity to present their respective positions through the ordinary procedures governing motions.

**REQUEST FOR RELIEF**

WHEREFORE, Movant respectfully requests that the Court:

A. Grant leave to file the accompanying Brief of Amicus Curiae;

B. Grant leave to submit Appendix A as accompanying supplemental legal analysis; and

C. Consider these materials in resolving the jurisdictional, statutory, constitutional, procedural, and remedial questions properly presented in this proceeding.

D. Direct the Clerk to record Movant's authorized participation in his individual capacity and furnish notice of the disposition of this Motion and subsequent proceedings pertinent to that participation;

E. Grant leave, to the extent necessary, to tender the accompanying materials in their submitted length;

F. In the event the Court identifies a procedural or formal deficiency in the tendered submission, identify the applicable requirement and afford Movant an opportunity to render the submission compliant.

Respectfully submitted,

Brandon Michael Hayes
Proposed Amicus Curiae, individually
President, Natural Law Institute
159 Indian Hill St.
West Newbury, MA 01985
brandon@hayeshaus.com
617-438-2049

Dated: NOV. 19, 2026